IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>ALBERT DEWAYNE BANKS *et al.*,<br><br>       Defendant. | Case No. 13-cr-40060-DDC |

**MEMORANDUM AND ORDER**

Defendants Thompson and Ponds have filed motions (Docs. 356, 362) arguing, among other things, that the Court should suppress wiretap evidence because the application and orders were not supported by probable cause establishing that the interception targets were committing or were about to commit a felony crime "directly and immediately affecting the safety of a human life." *See* Docs. 356 at 19-22 and 362 at 14-15 (citing K.S.A. § 22-2515(a)(1)). Other defendants have joined their motions. Because defendants read K.S.A. § 22-2516(3) and K.S.A. § 22-2515 incorrectly, the Court denies these motions to suppress.

**Background**

Investigators obtained wiretap orders in the final months of a thirteen-month investigation into a suspected narcotics-trafficking conspiracy. Defendants argue that K.S.A. § 22-2516(3) does not give judges the power to issue wiretap orders to investigate drug crimes. That statute provides:

1

> (3) Upon such application the judge may enter an *ex parte* order, as requested or as modified, authorizing the interception of wire, oral or electronic communications . . . if the judge determines on the basis of the facts submitted by the applicant that: (a) There is probable cause for belief that a person is committing, has committed or is about to commit a particular offense enumerated in *subsection (1) of K.S.A. 22-2515, and amendments thereto*;

(emphasis added). The italicized words in this statute direct the Court to the offenses enumerated in K.S.A. § 22-2515. That statute, as pertinent here, states:

> (a) An ex parte order authorizing the interception of a wire, oral or electronic communication may be issued by a judge of competent jurisdiction. . . .when such interception may provide evidence of the commission of any of the following offenses:
>
>> (1) Any crime directly and immediately affecting the safety of a human life which is a felony;
>> . . . .
>> (11) any felony violation of K.S.A. 21-5701 through 21-5717, and amendments thereto;
>> . . . .
>> (24) any conspiracy to commit any of the foregoing offenses.

*Id.*

Although K.S.A. § 22-2515 lists twenty-four offenses, defendants argue that the phrase "subsection (1) of K.S.A. 22-2515" in K.S.A. § 22-2516(3) limits the eligible categories of offenses to those listed in K.S.A. § 22-2515(a)(1) only. Under this reading of the statute, a judge could issue a wiretap order for only one of the 24 enumerated categories of offenses, i.e., felonies that "directly and immediately" threaten human life. K.S.A. § 22-2515(a)(1). In contrast, the government argues that K.S.A. § 22-2516(3) authorizes wiretap orders upon probable cause that a target is committing *any one* of the 24 enumerated offenses in K.S.A. § 22-2515. Supporting its position, the government points to the text of K.S.A. § 22-2515(a), which states that a judge can issue a wiretap order "when such interception may provide evidence of the commission of *any* of the following offenses . . . ." (emphasis added). Thus, the contested issue is whether the cross-referencing words in K.S.A. § 22-2516(3)—"subsection (1) of K.S.A. 22-2515" —

incorporate all 24 of the offenses K.S.A. § 22-2515 enumerates, or just felonies that "directly and immediately" threaten human life.

## Statutory Construction

The Kansas Supreme Court has instructed its subordinate courts about how to construe a statute passed by the Kansas legislature. "The most fundamental rule of statutory interpretation and construction, to which all other rules are subordinate, is that the intent of the legislature governs if that intent can be ascertained." *Bd. of Cnty. Comm'rs of Leavenworth Cnty. v. Whitson*, 132 P.3d 920, 926 (Kan. 2006). A court "must give effect to that intent, which the legislature is initially presumed to have expressed through the language it used." *Id.* "When a statute is plain and unambiguous, there is no need to resort to statutory construction" *Id.* (citing *State v. Robinson*, 132 P.3d 934, 937 (Kan. 2006)).

Statutory construction is appropriate in the case for two reasons. First, the interpretation of K.S.A. § 22-2516(3) advanced by defendants is inconsistent with the text of K.S.A. § 22-2515(a), which plainly permits a judge to authorize interception for all twenty-four enumerated offenses. Second, the Court finds only a "subsection (a)(1)" in K.S.A. § 22-2515, and not a "subsection (1)," even though K.S.A. § 22-2516(3) purports to cross-reference to "subsection (1)." In other words, the referring clause in K.S.A. § 22-2516(3) is out of synch with its statutory target.

The reason for the confusion is evident on close examination. K.S.A. § 22-2516(3) contains a dated cross-reference to "subsection (1) of K.S.A. 22-2515." When the legislature originally enacted Kansas' wiretap statute in 1974, the portion of the statute that is now codified at K.S.A. § 22-2516(3) contained the same cross-reference to "a particular offense enumerated in subsection (1) of [K.S.A. § 22-2515]." 1974 Kan. Sess. Laws 535. When originally enacted, the

cross-reference correctly pointed to the complete list of offenses, which at that time fell under "subsection (1)." *Id.* at 532.  This cross-reference lost its synchronicity with K.S.A. § 22-2515 when the Kansas Legislature's 1992 amendments, other things, changed the lettering and numbering of the subsections of the statute:

> K.S.A. 22-2515 is hereby amended as follows:
> 22-2515. ~~(1)~~ *(a)* An *ex parte* order authorizing the interception of a wire, oral or electronic communication may be issued by a judge of competent jurisdiction. . . .when such interception may provide evidence of the commission of any of the following offenses:
>> ~~(a)~~ *(1)* Any crime directly and immediately affecting the safety of a human life and which is punishable by imprisonment for more than one year *or for crimes committed on or after July 1, 1993*;
>> . . .
>> ~~(k)~~ *(11)* any violation of the uniform controlled substances act, if the offense would constitute a felony;
>> . . .
>> ~~(r)~~ *(18)* any conspiracy to commit any of the foregoing offenses.

1992 Kan. Sess. Laws 1354-55 (additions in italics; deletions in strikethrough).  Before the 1992 amendments, K.S.A. § 22-2515 used numbers to designate the primary subsections of the statute and letters to designate each of the listed offenses.  *See id*.  Beginning with the 1992 amendments, the statute has used letters to designate the primary subsections and numbers to designate each of the listed offenses.  But after the amendment and codification process, state officials did not update K.S.A. § 22-2516(3)'s cross-reference to K.S.A. § 22-2515 to account for the changed subsection designations.

"[C]ross-references pose[ ] a risk that one of the references will point to thin air, or to a destination out of synch with the referring provision." *Herrmann v. Cencom Cable Assocs., Inc.*, 978 F.2d 978, 983 (7th Cir. 1992).  The best approach is to "treat the referring clause as continuing to point to its original target, even if that target moves or acquires a new number.  This follows the logic behind the principle that new section numbers . . . do not alter [a statute's] meaning." *Id*.; *see also In re Adoption of H.C.H.*, 304 P.3d 1271, 1285 (Kan. 2013) (citing

*Herrmann* with approval but declining to follow it in "rare" case where statute cross-referenced neither an existing or repealed statute). The Court finds that the Seventh Circuit's analysis applies here. K.S.A. § 22-2516(3)'s cross-reference no longer points to any actual subsection in K.S.A. § 22-2515. The Court therefore treats this disconnect as a mere oversight and not an attempt by the legislature to alter the statute's meaning. Because the statute's cross-reference originally referred to all enumerated offenses in K.S.A. § 22-2515, the Court concludes that it continues to do so today, even though the official version of the statute fails to account for the amended subsection designations. Accordingly, the Court construes K.S.A. § 22-2516(3)'s cross-reference to "subsection (1) of K.S.A. 22-2515" to include all 24 offenses listed in K.S.A. § 22-2515(a).

Cannons of statutory construction also suggest that the Court's interpretation complies with legislative intent. First, this interpretation best harmonizes the various provisions of Kansas's wiretap statute. "In construing statutes, the legislative intent must be determined from a general consideration of the entire act. If possible, effect must be given to all provisions of the act, and different provisions must be reconciled in a way that makes them consistent, harmonious, and sensible." *State ex rel. Stephan v. Kansas Racing Comm'n*. 792 P.2d 971, 979 (Kan. 1990). Defendants' interpretation would create conflict among provisions of Kansas' wiretap statute— K.S.A. § 22-2515(a) would authorize interception for all twenty-four enumerated crimes while K.S.A. § 22-2516(3) would limit interception to felonies affecting human life only. "Furthermore, a construction that makes part of the legislative act surplusage should be avoided if reasonably possible." *Id*. (citing *State v. Adee*, 740 P.2d 611 (Kan. 1987)). The purpose of the statutory scheme encompassing K.S.A. § 22-2516(3) and K.S.A. § 22-2515(a) is to govern the issuance of wiretap orders. Holding that a judge can only issue a

5

wiretap order for one of 24 categories of offenses in K.S.A. § 22-2515(a) would render the remaining twenty-three categories surplusage.  The Court cannot think of any reason that the legislature included these other offenses unless each is a target offense for which a judge may issue a wiretap order.

## Conclusion

As construed by the Court, K.S.A. § 22-2516(3) authorized a Kansas judge to issue a wiretap order upon probable cause establishing that a person is committing an offense enumerated in K.S.A. § 22-2515(a), including "any felony violation of K.S.A. 21-5701 through 21-5717, and amendments thereto."  K.S.A. § 22-2515(a)(11).  K.S.A. §§ 21-5701-17 prohibit possession and distribution of controlled substances, including cocaine.  In addition, K.S.A. § 22-2515(a)(24) authorizes wiretap orders for investigations of "any conspiracy to commit any of the foregoing offenses."  Thus, the Court concludes Kansas law authorized the issuance of wiretap orders for the type of offenses targeted in this investigation.  The Court therefore denies defendants' motions to suppress on this basis.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the portions of defendants Thompson and Ponds' motions to suppress wiretap evidence (Docs. 356, 362) on the basis that the target offense did not directly and immediately affect human life are denied.  The other defendants' motions are also denied to the extent that they joined these motions' effort to seek suppression of wiretap evidence for this reason.

**IT IS SO ORDERED.**

**Dated this 17th day of September, 2014, at Topeka, Kansas.**

                                           s/ Daniel D. Crabtree
                                           **Daniel D. Crabtree**
                                           **United States District Judge**