# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 13-40060-10-DDC

ANTHONY CARLYLE THOMPSON (10),

Defendant.

## MEMORANDUM AND ORDER

During a hearing on March 25, 2019, the court considered Mr. Thompson's Pro Se Motion for Appointment of New Counsel or in the Alternative to Proceed Pro Se (Doc. 1324). The court also asked Mr. Thompson about Doc. 1327, his Pro Se Motion To Exercise [His] Constitutional Right Under *Faretta v. California*[1] To Proceed Pro Se. When asked about the somewhat inconsistent requests made by Docs. 1327 and 1324, Mr. Thompson responded that he had decided he wished to proceed pro se. The court advised Mr. Thompson that it was not prepared to hear his request to proceed pro se or conduct a colloquy to determine whether any waiver of his right to counsel was informed, knowing, and purely voluntary. *See Maynard v. Boone*, 468 F.3d 665, 676 (10th Cir. 2006) ("[S]ince the right to counsel is also constitutionally guaranteed, a defendant may waive the right to counsel only if the waiver is knowing, intelligent, and voluntary."). The court directed Mr. Thompson to think carefully about whether he wanted to proceed pro se and set the case for another hearing on April 1, 2019.

At the hearing on April 1, Mr. Thompson advised the court that he had reflected on his options and confirmed that he still wished to exercise his constitutional right to represent

---

[1] 422 U.S. 806 (1975).

himself.  The court then conducted an extensive colloquy with Mr. Thompson.  After hearing Mr. Thompson's answers, the court found that Mr. Thompson had made a knowing, informed, and purely voluntary decision to waive his right to counsel and represent himself during the post-remand, motion-practice phase of his case.  Based on its interactions with Mr. Thompson, the court concludes that Mr. Thompson possesses the mental capacity to organize, prepare, and present the content of his defense on the issue remanded to the court by the Tenth Circuit.  But, as the court advised Mr. Thompson during the April 1, 2019 hearing, the court's findings do not imply that Mr. Thompson will discharge those functions as ably as his then-appointed counsel, Kari Schmidt (or some other replacement counsel), would discharge them.[2]  In fact, the court holds significant reservations about Mr. Thompson's decision to represent himself and informed him of these concerns during the April 1 hearing.  Mr. Thompson, nonetheless, chose to invoke his constitutional right of self-representation.

Because Mr. Thompson has exercised his right to represent himself, the court terminated defense counsel Ms. Schmidt's appointment as Mr. Thompson's counsel of record.  But, concluding that access to advice from a formally educated and experienced defense counsel will benefit Mr. Thompson, the court appointed Ms. Schmidt as Mr. Thompson's standby counsel. To make it clear, Ms. Schmidt's appointment as standby counsel does not impose the duties held by counsel of record in a criminal case.  Having chosen to represent himself, Mr. Thompson controls his case, and he likewise controls the extent of Ms. Schmidt's participation.  Proceeding pro se, Mr. Thompson controls the arguments he chooses to make and chooses not to make. Ms. Schmidt will remain available to consult with Mr. Thompson on such subjects, issues, or questions as he chooses to ask her about.  *See generally United States v. McDermott*, 64 F.3d

---

[2]  The court advised Mr. Thompson it was prepared to appoint replacement counsel if Mr. Thompson preferred a change in counsel to proceeding pro se.  Mr. Thompson declined this option.

1448, 1454 (10th Cir. 1995) ("[T]he pro se defendant is entitled to preserve actual control over the case he chooses to present to the jury. This is the core of the *Faretta* right. If standby counsel's participation over the defendant's objection effectively allows counsel *to make* or substantially interfere with any *significant tactical decisions*, or to control the questioning of witnesses, *or to speak instead of the defendant on any matter of importance*, the *Faretta* right is eroded.") (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 178 (1984)) (emphasis added in *McDermott*). And the court advised Mr. Thompson it is incumbent on him to initiate communication with Ms. Schmidt, should he desire her consultation.

**The court directs the Clerk of the Court to modify the CM/ECF docket to show Ms. Schmidt's withdrawal as counsel of record for Mr. Thompson but to show, also, that she now functions as Mr. Thompson's standby counsel. The court also directs the clerk to take any necessary actions to ensure that Ms. Schmidt, in her role as standby counsel, continues to receive CM/ECF notifications of any filings in the case.**

After the colloquy with Mr. Thompson and the announcement of the finding that he was of sound mind to represent himself, the court asked Mr. Thompson which filing or filings he wanted the court to consider in this post-remand phase of his case. Mr. Thompson informed the court that he did not want the court to consider the arguments made in Doc. 1328 (his pro se filing made on March 12, 2019, entitled "Request To Vacate Mr. Thompson's Conviction or In the Alternative Grant a New Trial") and Doc. 1330 (filed by Ms. Schmidt on March 4, 2019, while still serving as his counsel of record, and titled "Defendant Thompson's Response to Government's Memorandum of Law on Impact of *Carpenter*[3] on Defendants' Convictions and Sentences"). Because the Clerk had docketed Doc. 1328 as a motion, the court, consistent with

---

3  *Carpenter v. United States*, 138 S. Ct. 2206 (2018).

3

Mr. Thompson's instructions, directs the Clerk to deny Doc. 1328 as moot and terminate its status as an undecided motion.

Mr. Thompson then informed the court that he was ready to file his brief under the schedule adopted by the court at the hearing on December 1, 2018 (Doc. 1298). He indicated that he had brought his brief to court with him and was ready to file it in open court. Mr. Thompson handed that brief to the Deputy Clerk present in the courtroom, who file-stamped it as filed in open court. The Clerk since has posted Mr. Thompson's motion on the case's CM/ECF docket as Doc. 1335 ("Request to Vacate Mr. Thompson's Conviction or in the Alternative Grant A New Trial"). Mr. Thompson informed the court that this filing, now docketed as Doc. 1335, contains all the arguments he wants the court to consider.[4]

Because the court had vacated the deadline for the government to file a Reply, the court established a schedule for the government to file any reply it wishes to file. The government must file any reply within 10 days of April 1, 2019.

Finally, the court notes that defendant Albert Banks submitted a pro se filing docketed as "Notice of Joinder" (Doc. 1331). In short form, Mr. Banks's pro se filing "request[s] to adopt all argu[]ments in Mr. Thompson['s] request to vacate conviction or in the alternative grant a new trial motion [on] all issues pertaining to the wiretap CSLI issues and speedy trial issues. If my attorney does not join into these issues." *Id.* Mr. Banks dated this pro se request March 12, 2019, the day when Mr. Thompson filed his pro se Request to Vacate his conviction, Doc. 1328.

---

[4] The scheduling order originally gave Mr. Thompson until February 28, 2019 to file a Response to the government's January 28, 2019 memorandum of law. Doc. 1298. In light of Mr. Thompson's Pro Se Motion for Appointment of New Counsel or in the Alternative to Proceed Pro Se (Doc. 1324) and his Pro Se Motion To Exercise [His] Constitutional Right Under *Faretta v. California* To Proceed Pro Se (Doc. 1327), the court vacated the original response and reply deadlines. Doc. 1332. As of the April 1, 2019 hearing, the court had not set new deadlines. The court deems Mr. Thompson's Request to Vacate Mr. Thompson's Conviction or in the Alternative Grant A New Trial (Doc. 1335) timely.

Normally, the court does not accept pro se filings submitted by defendants who have chosen to have counsel represent them. And while the court has discretion to permit hybrid representation—that is, simultaneous self-representation and representation by counsel—the defendant has no constitutional right to hybrid representation. *United States v. Couch*, No. 18-3032, 2018 WL 6720627 at *1 (10th Cir. Dec. 20, 2018) (citing *Wiggins*, 465 U.S. at 183). Here, Mr. Banks has never asked the court to permit hybrid representation. Because that is so, the court does not plan to entertain the "arguments" that Mr. Banks's pro se filing purports to adopt in the filing that Mr. Thompson now has abandoned. If Mr. Banks's counsel wishes to adopt any of the arguments made in Mr. Thompson's now abandoned filing, his counsel must file a motion seeking leave to adopt those arguments.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Thompson's Pro Se Motion for Appointment of New Counsel or in the Alternative to Proceed Pro Se (Doc. 1324) and his Request to Vacate [His] Conviction or in the Alternative Grant A New Trial (Doc. 1328) are denied as moot.

**IT IS FURTHER ORDERED BY THE COURT THAT** Mr. Thompson's Pro Se Motion To Exercise [His] Constitutional Right Under *Faretta v. California* To Proceed Pro Se (Doc. 1327) is granted.

**IT IS FURTHER ORDERED BY THE COURT THAT** the Clerk remove Ms. Schmidt as counsel of record but that the Clerk take any steps necessary to permit Ms. Schmidt to continue receiving CM/ECF notices in light of her status as standby counsel.

**IT IS SO ORDERED.**

**Dated this 2nd day of April, 2019, at Kansas City, Kansas.**

                                        **s/ Daniel D. Crabtree**
                                        **Daniel D. Crabtree**
                                        **United States District Judge**