# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>ANTHONY CARLYLE THOMPSON (10),<br><br>                Defendant. | Case No. 13-40060-10-DDC |

## MEMORANDUM AND ORDER

Defendant Anthony Thompson, now appearing pro se, has submitted a letter dated April 5, 2019, to the Clerk. This letter is now shown as Doc. 1338 on the case's docket. The court directed the Clerk to docket this correspondence as a motion because it asks for certain relief. Also before the court is Mr. Thompson's Request to Disclose Favorable Information Pursuant to Rule 16 (Doc. 1340). The government has filed a Response addressing Mr. Thompson's requests for relief, and this Order rules on them.

But before it reaches the specific requests, the court orders Mr. Thompson to make any future requests for relief in the form of a motion filed in compliance with the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 12(b)(1) ("A party may raise by pretrial motion any . . . request that the court can determine without a trial on the merits.") & 47(a) ("A party applying to the court for an order must do so by motion.").

The first request in Document 1338 asks the court "to order the government to provide [Mr. Thompson] with the entire record." While the court can't be certain what Mr. Thompson means by the "entire record," the court recently has approved a funding request submitted by his standby counsel. Standby counsel asked the court to approve use of a paralegal to copy standby counsel's record of case materials onto an electronic storage device so that she can provide it to

Mr. Thompson's current institution of incarceration. There, Mr. Thompson may use laptop computers kept at that location by the Federal Public Defender and regularly used to review case discovery materials. And, the government has advised the court that an encrypted thumb drive containing standby counsel's copy of the record has already been created. Doc. 1343 at 2.

To facilitate Mr. Thompson's capacity to review material about his case, the court orders that a secured laptop be provided to Mr. Thompson by the Federal Public Defender's office. This computer will be inspected and approved by the U.S. Attorney's Office. The Federal Public Defender's office is responsible for maintenance of the computer. The computer provided to Mr. Thompson will meet certain prerequisites. The computer will contain only certain programs installed to allow Mr. Thompson to review materials on the encrypted thumb drive but not to alter or amend those materials. A separate note-taking function will allow Mr. Thompson to take and store notes. The computer's note-taking function will be accessible only to Mr. Thompson. The computer's wi-fi card will be physically removed and the network and Bluetooth communications will be disabled. Certain data, including any protected discovery provided by the government, will be loaded onto the laptop hard drive. Finally, Mr. Thompson will be subject to any protective order entered by the court governing personal identification and other sensitive material.

In addition, to accommodate Mr. Thompson's request, the court directs the Clerk to include a copy of the entire CM/ECF docket sheet for Mr. Thompson's case when mailing this Order to Mr. Thompson. The court's approval of standby counsel's funding request and its Order providing Mr. Thompson computer-access at his institution of incarceration should nullify the need for the order sought by Mr. Thompson's letter. Thus, the court denies Mr. Thompson's

request for access to the "entire record" as moot. It does so, however, without prejudice to Mr. Thompson renewing his motion if future circumstances warrant.

Turning to the second request in Document 1338, Mr. Thompson asks "the Court to clarify what is [standby] counsel's role going forward." *Id.* In context, it is clear, this part of Mr. Thompson's letter asks the court to define any limits on the control he now wields over his case and what assistance standby counsel may provide. The role of standby counsel is, if requested by Mr. Thompson, to assist him "in overcoming routine procedural or evidentiary obstacles to the completion of some specific task . . . that [Mr. Thompson] has clearly shown he wishes to complete." *United States v. McDermott*, 64 F.3d 1448, 1453 (10th Cir. 1995) (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984)); *see also United States v. Vigil*, 605 F. App'x 757, 764 (10th Cir. 2015) (concluding informed waiver of right to counsel where court advised defendant that standby counsel would answer legal questions and facilitate defendant's access to information about legal procedures). As part of this role, standby counsel, upon receiving a request from Mr. Thompson, must facilitate his access to discovery and defense materials.[1] *United States v. Kosoko*, No. 2:08-cr-0332-JCM-GWF, 2010 WL 3909968, at *1 (D. Nev. Oct. 4, 2010). But, standby counsel is not tasked with serving as Mr. Thompson's investigator or clerical assistant. *United States v. Wilson*, No. 08-450-KHV, 2010 WL 5184263, at *3 (D. Colo. Dec. 15, 2010). And, it remains Mr. Thompson's responsibility to determine and advance his defense strategy, including, as Mr. Thompson saw fit to do, requesting documents from the government.

---

[1] Of course, regulations at Mr. Thompson's institution of incarceration may affect the process of providing Mr. Thompson with documents and evidence relevant to his defense. Delays in receiving documents, as well as the format in which documents may be possessed while incarcerated, are but a few of the disadvantages Mr. Thompson accepted when he opted to proceed pro se.

3

Turning to Mr. Thompson's discovery request in Document 1340, the government, in its Response, indicates it is in possession of the documents requested and intends to provide them to Mr. Thompson. Doc. 1343 at 2. Consistent with the Response, the court grants Mr. Thompson's discovery request and orders the government to complete disclosure of the requested information by **May 10, 2019**.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the United States Marshal must make arrangements for Mr. Thompson's institution of incarceration to take possession of the laptop and charging cord, with operating instructions from the Federal Public Defender's office. Between receipt of the computer and the hearing scheduled for May 21, 2019, Mr. Thompson must be allowed at least fifteen hours per week to review electronically-stored data in a secure and confidential manner. Mr. Thompson will conduct his review in a room that is occupied solely by him.

**IT IS FURTHER ORDERED BY THE COURT THAT** Mr. Thompson's Pro Se Motion to Clarify Duties (Doc. 1338) is denied as moot, without prejudice to Mr. Thompson refiling the motion.

**IT IS FURTHER ORDERED BY THE COURT THAT** the Clerk must include a copy of the current CM/ECF docket sheet for his case when mailing this Order to Mr. Thompson.

**IT IS FURTHER ORDERED BY THE COURT THAT**, consistent with the government's Response (Doc. 1343), Mr. Thompson's Request to Disclose Favorable Information Pursuant to Rule 16 (Doc. 1340) is granted and the government must disclose the requested information by **May 10, 2019**.

**IT IS SO ORDERED.**

**Dated this 30th day of April, 2019, at Kansas City, Kansas.**

                                      **s/ Daniel D. Crabtree_____**
                                      **Daniel D. Crabtree**
                                      **United States District Judge**