IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 13-40060-10-DDC

ANTHONY CARLYLE THOMPSON (10),

Defendant.

## MEMORANDUM AND ORDER

Before the court is Mr. Thompson's "Motion to Receive Electronic Filing." Doc. 1348. Also before the court is Mr. Thompson's request to receive the full trial transcripts of four witnesses, a request which Mr. Thompson presents in a letter that accompanies his motion. Doc. 1348-2. For the reasons explained below, the court grants Mr. Thompson's motion in part and denies it in part. The court also denies Mr. Thompson's request for the trial transcripts.

In his motion, Mr. Thompson asks to receive CM/ECF electronic filing notices. Doc. 1348 at 1. Alternatively, Mr. Thompson asks the court to order the Clerk of the Court, or his standby counsel, to fax, e-mail, or hand deliver any filings in his case on the day they are filed. *Id.* While the court appreciates Mr. Thompson's situation, it is the very situation that the court foreshadowed at the March 25, 2019, hearing. That is, certain disadvantages accompany the decision to proceed pro se. A prisoner's access to electronic information may be limited by the rules at the institution where he is incarcerated. And it is not the Clerk's responsibility to e-mail, fax, or hand deliver filings to Mr. Thompson's institution of incarceration. The court thus denies Mr. Thompson's motion to the extent it requests access to the CM/ECF electronic filing system and to the extent it requests an order imposing duties on the Clerk.

But, the court grants, in part, Mr. Thompson's alternative request that standby counsel fax or e-mail him filings. *See United States v. Kosoko*, No. 2:08-cr-0332-JCM-GWF, 2010 WL 3909968, at *1 (D. Nev. Oct. 4, 2010) (identifying providing access to defense materials as one of standby counsel's roles). The court orders Mr. Thompson's standby counsel to provide him with all filings in a reasonably expedient manner. Mr. Thompson, however, should not conflate a "reasonably expedient manner" as tantamount to granting his request to receive filings on the day they are filed. Such a time requirement would be (1) impracticable because filings are often submitted after business hours and (2) overly burdensome on standby counsel because legal practitioners, either as a result of other client responsibilities or personal commitments, do not always have access to or capacity to review documents on the day they are filed.

Turning to Mr. Thompson's request for trial transcripts, the court initially observes that the request is not advanced through a motion as required by Federal Rule of Criminal Procedure 12(b). The court nonetheless addresses the substance of his request. Mr. Thompson asks for the full transcript of Whitney Livingston, Charles Foster, Glen Virden, and Chris Turner's trial testimony so that he can further prepare his argument that any constitutional error committed by securing cell-site locational information was not harmless beyond a reasonable doubt. Doc. 1348-2 at 1. The court denies this request for two reasons, but without prejudice to Mr. Thompson refiling this request. First, the court recently ordered that Mr. Thompson receive access to a computer at his institution of incarceration so that he may review an electronic thumb drive containing standby counsel's records. Doc. 1349 at 2. As standby counsel presented the no-harmless-error argument Mr. Thompson seeks to further advance at the hearing, Mr. Thompson should review the materials on the thumb drive before requesting that the court provide him with transcripts that may be on the thumb drive. Second, the court's order

scheduling a hearing directed the parties to focus arguments on four issues. Doc. 1341 at 2. The harmless error issue was not one of those four issues. *Id.* If, at the conclusion of the hearing, the harmless error issue proves potentially dispositive, the court will permit Mr. Thompson an opportunity to renew his request for these trial transcripts and allow him to file a supplemental brief on the issue.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Thompson's "Motion to Receive Electronic Filing" (Doc. 1348) is granted in part and denied in part.

**IT IS FURTHER ORDERED BY THE COURT THAT** standby counsel provide Mr. Thompson filings in a reasonably timely manner.

**IT IS FURTHER ORDERED BY THE COURT THAT** Mr. Thompson's request for trial transcripts in Document 1348-2 is denied without prejudice.

**IT IS SO ORDERED.**

**Dated this 2nd day of May, 2019, at Kansas City, Kansas.**

                                          **s/ Daniel D. Crabtree**
                                          **Daniel D. Crabtree**
                                          **United States District Judge**