# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 13-40060-10-DDC |
| ANTHONY CARLYLE THOMPSON (10), | |
| Defendant. | |

## MEMORANDUM AND ORDER

Currently, there are five pending motions in this case: Docs. 1370, 1371, 1372, 1373, and 1374. Defendant Anthony Thompson filed all five of them. But before it can reach any of these motions, the court must determine whether it has jurisdiction to decide them.

This threshold question arose when Mr. Thompson filed a Notice of Appeal shortly after he filed his five motions. *Compare* Doc. 1376 (Notice of Appeal filed August 8, 2019) *with* Docs. 1370-74 (defendant's pro se motions, filed August 5 and 7, 2019). By filing his Notice of Appeal, Mr. Thompson created uncertainty about this court's jurisdiction to decide his motions. *See*, *e.g.*, *United States v. Jackson*, 950 F.2d 633, 636 (10th Cir. 1991) ("[T]he district court and the court of appeals do not exercise jurisdiction over the same action at the same time." (citing *United States v. Green*, 847 F. 622, 624 (10th Cir. 1988))).

Below, in Part I of this Order, the court analyzes this threshold question. Concluding that it has jurisdiction over Mr. Thompson's motion to reconsider, Part II addresses all five of the pending pro se motions.

## I. Does this court have jurisdiction to decide Mr. Thompson's motion to reconsider?

The court convened a hearing on August 15, 2019, to raise the jurisdictional concern with the parties. During the hearing, the court directed the United States to file a brief addressing this issue no later than August 29, 2019. *See* Doc. 1380, 1381. After a short extension, Doc. 1389, the government filed its brief on September 19, 2019. *See* Doc. 1390. It reported the following: "The parties agree that while Federal Rule of Appellate Procedure 4(b)(1)(A) does not specifically list a motion to reconsider as tolling [the] time to file a notice of appeal, the Tenth Circuit has established that this Court retains jurisdiction to rule on Mr. Thompson's motions to reconsider." *Id.* at 1 (citing *Jackson*, 950 F.2d at 636). Mr. Thompson's counsel[1] has confirmed that defendant agrees with the government's jurisdictional position. Doc. 1392. And after reviewing *Jackson*, the court reaches the same conclusion as the parties. Mr. Thompson's Notice of Appeal does not deprive the court of jurisdiction to decide his motion to reconsider.

In *United States v. Jackson*, the Circuit encountered a situation like the one Mr. Thompson has created here. The *Jackson* defendant pleaded guilty, then moved to withdraw his plea. The court denied the motion to withdraw plea and defendant filed a motion asking the court to reconsider that decision. While that motion was pending, defendant filed a Notice of Appeal. About two months after the defendant's notice of appeal, the district court denied defendant's reconsideration motion. The defendant did not file an additional Notice of Appeal. 950 F.2d at 634.

---

[1] Based on Mr. Thompson's statements in one of his motions and during the hearing on August 15, 2019, the court concluded that Mr. Thompson had decided to revoke his request to proceed pro se during the rest of the remanded proceedings. The court thus appointed the Office of the Federal Public Defender to represent Mr. Thompson on August 20, 2019. Doc. 1382.

On appeal, the government claimed that the Circuit lacked jurisdiction to consider the merits of defendant's appeal. *Id.* The government argued that defendant's notice of appeal was premature. After close analysis of Fed. R. App. P. 4(b), the Circuit disagreed. It reasoned, "[A] criminal defendant should not lose his right to appeal because of an ambiguous rule." *Id.* at 635. Instead, the Circuit held, "[W]hen a defendant files a motion that tolls the time for appeal, the motion holds the notice of appeal in abeyance and the notice becomes effective upon the disposition of the motion." *Id.* Also, *Jackson* held, the defendant's motion to reconsider—if not a successive motion to reconsider—qualified as a motion that "tolled the time for appeal." *Id.* (citing *United States v. Dieter*, 429 U.S. 6 (1976)). Finally, *Jackson* ruled, the defendant's "notice of appeal became effective after the district court ruled on [the defendant's] motion," *id.*, thus conferring jurisdiction on the Circuit to consider his appeal.

Given the parties' report and *Jackson*'s holding, the court concludes that it has jurisdiction to decide Mr. Thompson's motion to reconsider.[2]

## II. Mr. Thompson's Motions

Mr. Thompson has filed a total of five motions. The court now turns to those motions.

First, Doc. 1370 reports that Mr. Thompson "does not believe he can handle filings [in] his direct appeal" pro se. *Id.* At the August 15 hearing, the court inquired of Mr. Thompson who, at the time of that hearing, was still representing himself. The defendant confirmed that he wished to revoke his decision to represent himself and so, the court appointed the Office of the Federal Public Defender to represent him. Doc. 1382. Two members of that office now have

---

[2] *Jackson* recognized that successive motions for reconsideration don't toll the time for filing a notice of appeal. *See* 950 F.2d at 636 (citing *Untied States v. Marsh*, 700 F.2d 1322 (10th Cir. 1983)). Here, the CM/ECF docket for Mr. Thompson's case shows two filings characterized as a motion for reconsideration. *See* Doc. 1371 & 1372. But closer examination reveals that Mr. Thompson called the later of these two filings a "MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER." *See* Doc. 1372. Given the content of Doc. 1372, the court does not believe that Mr. Thompson has filed successive motions to reconsider.

3

entered appearances on the defendant's behalf. Docs. 1383 & 1384. Also, Mr. Thompson's new attorneys explicitly have confirmed that they plan to enter their appearances as his appellate counsel once the proceedings before this court have concluded. Doc. 1392. So, the portion of Doc. 1370 asking for appointed counsel is moot.

This motion also asks, "[i]n the alternative," for the court to stay proceedings in Mr. Thompson's case until his co-defendant, Albert Banks, is resentenced. *Id.* at 2. One could read this phrasing to render this request for relief moot since the court has granted the motion's primary request. But if it's not moot, the court denies this portion of the motion.

A stay, Mr. Thompson suggests, will permit the court to determine "whether there is a disparity which may have the potential to affect the application of the factors under 18 U.S.C. 3353(a)(6)" before his "prior sentencing." *Id.* at 1. Rule 2 of the Federal Rules of Criminal Procedure mandates that federal courts interpret those rules "to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." The Indictment against Mr. Thompson is more than six years old. It has been to the Circuit twice, to the Supreme Court once, and now is back before this court. Undoubtedly, more appeals will follow. The court declines to add to the case's long lifespan. The court plans to proceed with the work that Mr. Thompson's reconsideration motion asks the court to do. If the court's ruling on that motion concludes that the court should resentence Mr. Thompson, he can renew his motion then.

In sum, Doc. 1370's motion for appointed counsel is moot. And the motion's request to delay proceedings in Mr. Thompson's case until the court has resentenced Mr. Banks is denied to the extent it is not moot.

4

Next, the court addresses Doc. 1371 and Doc. 1372 together. The first, Doc. 1371, is Mr. Thompson's "Motion to Reconsider Whether the Carpenter Violation Was Harmless as it Relates Specifically to Sentencing." As its title reveals, in it, Mr. Thompson asks the court to decide "whether the government's *Carpenter* violation was harmless at sentencing." Doc. 1371 at 1. This motion asks the court to conclude that the error was not harmless, "as it relates to the sentencing phase" of the case. *Id.* at 5. Also, it seeks an alternative form of relief, *i.e.*, "to expand the scope of the mandate" and sentence Mr. Thompson to no more than 20 years.[3] *Id.* at 5. Doc. 1372 is labeled a "Memorandum in Support of Motion to Reconsider." Filed the same day as Doc. 1371, it asks the court "to reconsider its order in Doc. 1369 or request the government to reply to the instant motion." Doc. 1372 at 19. In its discretion, the court defers ruling on any aspect of Docs. 1371 and 1372 until it has received the government's response. **On the court's own motion, the court orders the United States to file a response to these two motions no later than 30 days from the date of this Order. Mr. Thompson may file a reply within 15 days of the government's filing.**

The fourth filing, in order, is Doc. 1373. The defendant identifies it as a "Request for a Hearing to Determine How Mr. Thompson Will [Proceed] on Direct Appeal and a Request to Stay the Proceedings Until [after Mr.] Banks is Sentenced." *Id.* at 1. In significant measure, this filing duplicates defendant's motion in Doc. 1370. Indeed, the only difference is that in Doc. 1373, Mr. Thompson specifies two members of the Federal Public Defender's office who, he hopes, the court will appoint to represent him. On August 20, 2019, the court appointed the Federal Public Defender's Office to serve as Mr. Thompson's counsel. This motion thus is moot

---

[3] Mr. Thompson's filing actually asks the court to sentence him "to no less than 20 years, which is the maximum sentence allowed under law." Doc. 1371 at 5. But in context, it is clear, Mr. Thompson meant to ask the court to resentence him to no *more* than 20 years.

5

as it either duplicates an earlier motion or seeks relief already granted.  In sum, the court denies Doc. 1373 because it is moot.

Last, Doc. 1374 is captioned "Memorandum in Support of Motion to Reconsider."  *Id.* at 1.  The substance of this filing duplicates Doc. 1372.  The only difference is that two of the pages comprising Doc. 1374 appear in reverse order as the appear in Doc. 1372.  Because the Memorandum was docketed as a motion and because it duplicates Doc. 1372, the court denies Doc. 1374 as moot, but without prejudice to the arguments Mr. Thompson advances in it.

**THEREFORE**, concluding that it has jurisdiction to decide Mr. Thompson's reconsideration motion, **IT IS HEREBY ORDERED** that the United States must file a response to Docs. 1371 & 1372 within 30 days of the date of this Memorandum and Order.  **IT IS FURTHER ORDERED** that defendant must file any reply he wishes to submit no more than 15 days after the government's response.

**IT IS FURTHER ORDERED** that Doc. 1370 is denied, in part because the motion it makes is moot.

**IT IS FURTHER ORDERED** that Docs. 1373 and 1374 are denied as moot.

**IT IS SO ORDERED.**

**Dated this 3rd day of October, 2019, at Kansas City, Kansas.**

                                      **s/ Daniel D. Crabtree**
                                      **Daniel D. Crabtree**
                                      **United States District Judge**