# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY CARLYLE THOMPSON (10),<br><br>Defendant. | Case No. 13-40060-10-DDC |

## MEMORANDUM AND ORDER

Defendant Anthony Thompson, now represented by counsel, has filed an extensive Reply to the government's Response to his Motion to Reconsider (Doc. 1411). It supports Mr. Thompson's Motion to Reconsider (Doc. 1371) and his Memorandum in Support of Motion to Reconsider (Doc. 1372). The Reply makes certain arguments that Mr. Thompson did not assert, at least not directly, in his motion or supporting memorandum. The court thus has not yet had the opportunity to consider the government's perspective on those important issues.

The court thus orders the United States to file a Supplement to the Government's Response to Defendant's Motion to Reconsider (Doc. 1402). This Supplement may address the following questions:

1. Does the court have jurisdiction to consider all the arguments made in Mr. Thompson's Reply (Doc. 1411)?[1]

---

[1] In its Memorandum & Order, Dated October 3, 2019, the court concluded it possessed jurisdiction to consider the arguments made in Docs. 1371 and 1372. *See* Doc. 1395 at 3 (citing *United States v. Jackson*, 950 F.3d 634, 636 (10th Cir. 1991)). But *Jackson* recognized the narrow exception doesn't permit the defendant in a criminal case to toll the time to appeal by filing successive motions for reconsideration. 950 F.3d at 636. Taking care to ensure that it doesn't exceed the limited exception for motions to reconsider recognized in *Jackson*, the court seeks the government's perspective whether any of the arguments in Mr. Thompson's Reply: (a) make new arguments not previously asserted by his Motion to Reconsider (Doc. 1371) and its supporting memorandum (Doc. 1372); and (b) if so, are those new arguments tantamount to a successive motion to reconsider?

2. In its Memorandum and Order, dated July 29, 2019 (Doc. 1369), did the court apply the wrong iteration of the mandate rule, as Mr. Thompson contends in his Reply?

The government must file any Supplement **within 20 days of the date of this Order**. Its filing must not exceed 15 pages, and the Supplement must address any other issue.

**Within 10 days of the government's filing**, Mr. Thompson may file a Surreply addressing the first question identified in this Order, but only that question. If Mr. Thompson elects to file a Surreply, it must not exceed 10 pages.

Finally, **the court sets this case for argument on February 20, 2020 at 1:30pm.** The court will hear argument on any issues the parties choose. But, the court anticipates having specific questions for counsel.

**IT IS SO ORDERED.**

**Dated this 17th day of January, 2020, at Kansas City, Kansas.**

                                          **s/ Daniel D. Crabtree**
                                          **Daniel D. Crabtree**
                                          **United States District Judge**