IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY CARLYLE THOMPSON (10),<br><br>Defendant. | Case No. 13-40060-10-DDC |

### MEMORANDUM AND ORDER

Defendant Anthony Carlyle Thompson has filed a Motion for Release from Custody (Doc. 1545). Mr. Thompson now has supplemented his motion (Doc. 1554), and recites that the government supports the motion. *Id.* at 3.[1] The United States has confirmed as much.

Mr. Thompson moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) on several grounds, including the now-existing sentence disparity between him and his similarly culpable codefendants, the disparity between crack and powder cocaine sentences, the length of time he has served, and his post-sentencing rehabilitation.

A jury convicted Mr. Thompson of knowingly and intentionally distributing and conspiring to distribute crack cocaine. Doc. 771. He is serving a sentence of 360 months' imprisonment followed by eight years of supervised release. Doc. 941.

---

[1] The motion recites that the government's agreement to Mr. Thompson's motion is conditioned upon Mr. Thompson's willingness to waive his right to direct review of this petition and any collateral attack on his conviction. Doc. 1554 at 1 n.3. Specifically, Mr. Thompson's motion asserts that he "has authorized counsel to relate to the Court that, if the Court grants his motion and reduces his sentence to 121 months, Mr. Thompson knowingly and voluntarily waives and renounces his right to file a direct appeal of this motion or any collateral attack related to his conviction in the instant case." *Id.* at 10. The government's informal correspondence confirms that it agrees with the motion's description of the parties' agreement. The court has no stake in this apparent agreement.

The court may modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A); *see also United States v. Maumau*, 993 F.3d 821, 830–31 (10th Cir. 2021) (reviewing § 3582(c)(1)'s history, text, and requirements).[2]  The court may grant a motion for reduction of sentence only if "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable."  *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

The court has considered the applicable factors set forth in 18 U.S.C. § 3582(c)(1)(A)(i) and 18 U.S.C. § 3553(a), which control Mr. Thompson's motion to modify his term of imprisonment to 121 months.  *Maumau*, 993 F.3d at 832.

*First*, the court concludes that the sentence disparity among codefendants warrants a reduction.  As Mr. Thompson correctly explains, he is serving, by far, the longest sentence of his 14 co-defendants in this case.  Doc. 1554 at 3.  Mr. Thompson is serving 360 of the 801 months of sentences imposed in this prosecution.  *Id.*  After Mr. Thompson's 360-month sentence, the next-longest sentence is that of his co-defendant, Albert Dewayne Banks.  Mr. Banks served a 121-month sentence.  *Id.*; *see also* Doc. 1542; Albert Dewayne Banks, Reg. No. 23203-031,

---

[2]   Mr. Thompson asserts that he has exhausted his administrative remedies.  Doc. 1554 at 2.  Our Circuit has held that § 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule that the government may waive or forfeit.  *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).  Since the government doesn't contest Mr. Thompson's motion (or specifically his administrative exhaustion), the court considers any exhaustion argument waived.

https://www.bop.gov/inmateloc/ (last visited Feb. 16, 2022) (listing Mr. Banks's release date as Dec. 21, 2021).

This court previously has recognized that Mr. Thompson and Mr. Banks shared similar roles in the conspiracy, but yet a significant discrepancy between their sentences exists. Doc. 1544 at 6. The facts of this case provide no justification for Mr. Thompson to serve a longer sentence than his codefendant, Mr. Banks. The government charged both with the same drug trafficking offenses. Both went to trial on their respective charges. And, a jury convicted both defendants on all counts. The trial evidence made clear that the two were essentially equal in terms of culpability. After his resentencing, Mr. Banks received a far shorter sentence than Mr. Thompson even though they are similarly culpable.

*Second*, Mr. Thompson has demonstrated substantial, and, indeed, meaningful rehabilitation efforts. He has no disciplinary history in the Bureau of Prisons. Doc. 1554-1. While in prison, he has devoted his time to completing educational courses and has earned a paralegal certificate. Doc. 1554 at 9; Doc. 1554-2. He has developed a release plan to live with his father, who believes he can assist Mr. Thompson with finding employment. His father also can provide transportation.

*Third*, Mr. Thompson already has served almost 121 months for his criminal conduct. Mr. Thompson now has served almost the same amount of time as Mr. Banks for his similar involvement in the same drug conspiracy. The time Mr. Thompson has served is sufficient to serve the goals of incapacitation, deterrence, retribution, and rehabilitation.[3]

---

[3] Because the court finds that these three reasons warrant a sentence reduction, it doesn't need to reach the question whether the disparities between crack and powder cocaine sentences provide another reason to reduce Mr. Thompson's sentence.

For all these reasons, the court grants Mr. Thompson's Motion to Reduce his Sentence to 121 months' imprisonment.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Anthony Thompson's Motion for Release from Custody (Doc. 1545) is granted.  The court reduces Mr. Thompson's sentence to 121 months.  Mr. Thompson shall begin serving the previously imposed term of supervised release immediately after his release from the Bureau of Prisons.  All previously imposed terms and conditions of supervised release remain in effect.

**IT IS FURTHER ORDERED THAT,** if the Bureau of Prisons finds Mr. Thompson is eligible for immediate release, this Order is **STAYED** for up to 14 days, to verify Mr. Thompson's residence and/or establishment of a release plan, make appropriate travel arrangements, and ensure his safe release.  Mr. Thompson shall be released as soon as a suitable residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for Mr. Thompson to travel.  There shall be no delay in ensuring travel arrangements are made.  If more than 14 days are needed to make appropriate travel arrangements and ensure Mr. Thompson's safe release, the parties shall notify the court immediately and show good cause why the court should extend the stay.

**IT IS SO ORDERED.**

**Dated this 16th day of February, 2022, at Kansas City, Kansas.**

> s/ Daniel D. Crabtree
> **Daniel D. Crabtree**
> **United States District Judge**